**No. 26-7277**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

PEDRO VASQUEZ PERDOMO, et al.,

Plaintiffs-Appellees,

v.

RODNEY S. SCOTT, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Central District of California
No. 2:25-cv-5605-MEMF-SP

# REPLY IN SUPPORT OF IMMEDIATE ADMINISTRATIVE STAY

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

DANIEL F. MUMMOLO
*Counsel to the Assistant Attorney General*

AUGUST FLENTJE
JONATHAN ROBBINS
*Office of Immigration Litigation*

*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-6054*

# REPLY IN SUPPORT OF IMMEDIATE ADMINISTRATIVE STAY

Plaintiffs' response to the government's request for an immediate administrative stay has substantially narrowed the immediate questions before this Court. Because neither party opposes an administrative stay of the preliminary injunction, this Court should grant it.

Plaintiffs offer only a perfunctory objection to an administrative stay of proceedings in the district court. Dkt. 6 at 1 n.1. But they fail to offer any persuasive basis for denying that request.[1] Plaintiffs do not dispute that the burdens currently imposed on the government are extraordinary, *see* Mot., Exs. C, D—and that those burdens would be entirely unnecessary if this Court agrees with the government on its threshold legal arguments. Over the next three weeks alone, the government anticipates significant discovery obligations, including:

- Reviewing thousands of Body-Worn Camera videos;
- Briefing on court-ordered forensic imaging of hundreds of agents' personal phones;

---

[1] For the avoidance of any doubt, the government's request for an immediate administrative stay should encompass both the district court's October 23 order and further proceedings in the district court pending this Court's resolution of its motion. As the government made clear at the outset of its motion, "a stay pending appeal and stay of proceedings is requested as soon as possible, with an administrative stay in the interim." Dkt. 4 ("Mot.") at v; *see* Mot. 23 ("[T]he Court should stay the preliminary injunction pending appeal, stay district court proceedings pending resolution of the government's appeal, and grant an immediate administrative stay."). Taken together, the motion unmistakably seeks relief from both the challenged order and the continuation of district court proceedings.

- Collecting a substantial volume of electronically stored information from roughly twenty custodians, in addition to manual document collection and production responsive to several requests for production;
- Responding to several discovery letters from Plaintiffs that will likely precipitate additional motion practice;
- Preparing for discovery hearings and status conferences.

This Court has previously granted stays—including administrative stays—addressing both an injunction and further district court proceedings. *See, e.g.*, *S.D. v. Reese*, No. 26-4872, Dkt. 5 at 2 (9th Cir. Aug. 1, 2026) (administratively staying injunction and "further proceedings in district court"); *see also Dickinson v. Trump*, 174 F.4th 634, 650 (9th Cir. 2026); *Reach Cmty. Dev. v. DHS*, 174 F.4th 1143, 1151 (9th Cir. 2026). It should do so again here.

Finally, as to scheduling, the government does not oppose Plaintiffs' proposed response date of November 11, given their agreement to an administrative stay of the preliminary injunction. But the government respectfully requests one additional business day, until November 16, to file its reply. The government also defers to the panel on whether oral argument would assist the Court in resolving the government's motion.

* * *

This Court should grant the partially opposed motion for an administrative stay in its entirety.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
JONATHAN ROBBINS
*Office of Immigration Litigation*

*s/Daniel F. Mummolo*
DANIEL F. MUMMOLO
*Counsel to the Assistant Attorney General*

*Counsel for Defendants-Appellants*

*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-6054*

November 4, 2026

**CERTIFICATE OF COMPLIANCE**

This reply complies with the type-volume limit of Ninth Circuit Rules 32-3 and 27-1(1)(d) because it contains 472 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Garamond 14-point font, a proportionally spaced typeface.

*s/Daniel F. Mummolo*
DANIEL F. MUMMOLO

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. Service will be accomplished by the appellate ACMS system.

*s/Daniel F. Mummolo*
DANIEL F. MUMMOLO