# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-7277

**Case Name** Vasquez Perdomo, et al. v. Mullin, et al.

**Counsel submitting this form** Jonathan Robbins

**Represented party/parties** Defendant/Appellants -- Mullin, et al.

*Briefly describe the dispute that gave rise to this lawsuit.*

Defendants do not believe this case is a suitable candidate for the Court's mediation program.

This case originated as a habeas petition filed by three individuals in immigration detention. On July 2, 2025, Plaintiffs amended those simple claims into a sweeping request for a district wide injunction enjoining Defendants alleged "ongoing pattern and practice of flouting the Constitution and federal law in connection with ongoing immigration raids in the Los Angeles area."
On July 11, 2025, the district court granted Plaintiffs' TRO, enjoining all investigative stops based on four enumerated factors alone or in combination: race, language, location, or occupation.

Defendants appealed and sought stays in this Court and in the Ninth Circuit; both motions were denied. On September 8, 2025, the Supreme Court stayed this Court's Fourth Amendment TRO pending appeal. Noem v. Vasquez Perdomo, 146 S. Ct. 1, 5-6 (2025). Justice Kavanaugh issued a comprehensive concurring opinion, finding that Plaintiffs likely lacked Article III standing under Los Angeles v. Lyons, 461 U.S. 95 (1983) and the stops complied with the Fourth Amendment. On October 27, 2025, the district court dissolved the TRO.

On June 27, 2026, Plaintiffs filed with the district court a motion for preliminary injunction based on Defendants purported policy and practice of conducting race-based immigration detentive stops without reasonable suspicion. Plaintiffs also filed a class certification motion, seeking a proposed Suspicionless Stops

*Briefly describe the result below and the main issues on appeal.*

Class and First Discriminatory Treatment Class.

On October 23, 2026, the district court certified the classes (with one class slightly modified) and granted the preliminary injunction. In the district court's view, both the individual and organizational Plaintiffs had standing and were likely to succeed on their Fourth and Fifth Amendment claims. The preliminary injunction prohibits immigration officers from "conducting detentive stops in" the Central District "based on racial stereotyping, rather than a pre-stop individualized, particularized assessment of reasonable suspicion that the person to be stopped is present within the United States in violation of U.S. immigration law." In developing reasonable suspicion, the injunction prohibits immigration officers from relying "solely on apparent status as low-income or working-class and Latino, even when an identified target is allegedly low-income or working-class and Latino." The district court also certified two classes—the Suspicionless Stops Class and First Discriminatory Treatment Class, but did not limit the preliminary injunction's relief to those two classes.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

This appeal challenges the district court's preliminary injunction related to Plaintiffs' suspicisonless stops and arrests challenges and the decision to certify the related classes. Other matters not implicated by appeal remain ongoing, including the discovery process relating to all of Plaintiffs' claims, as well as two other appeals in this case pertaining to Plaintiffs' preliminary injunction regarding the Fifth Amendment access/detention claims in No. 26-209, and preliminary injunction regarding warrantless arrests in No. 26-6891.

Simply put, mediation will not be useful to resolving these matters, and placement into the Court's mediation program is not appropriate given the nature of the claims presented.

**Signature** s/Jonathan Robbins **Date** 11/4/2026

*(use "s/[typed name]" to sign electronically-filed documents)*