**No. 26-7277**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

PEDRO VASQUEZ PERDOMO, et al.,

Plaintiffs-Appellees,

v.

RODNEY S. SCOTT, et al.,

Defendants-Appellants.

---

On Appeal from the United States District Court
for the Central District of California
No. 2:25-cv-5605-MEMF-SP

---

# MOTION TO CONSOLIDATE RELATED APPEALS AND SET CONSOLIDATED BRIEFING SCHEDULE

---


BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

DANIEL F. MUMMOLO
*Counsel to the Assistant Attorney General*

AUGUST FLENTJE
*Deputy Director*

JONATHAN ROBBINS
Assistant Director
*U.S. Department of Justice*
*Civil Division*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20044*

*Attorneys for Defendants-Appellants*

1. The government respectfully moves this Court, under Federal Rule of Appellate Procedure 3(b)(2), to consolidate the appeal in this case with the government's appeal in *Perdomo v. Scott*, 9th Cir. No. 26-6891. Both appeals arise out of the same district court proceeding in the Central District of California, No. 2:25-cv-5605. Each appeal challenges, among other things, the district court's decision to grant a preliminary injunction and class certification.

2. "When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2). Consolidation under Rule 3(b) "may be ordered where the court in its discretion deems it appropriate and in the interests of justice, but each of the matters to be consolidated must be within the jurisdiction of the court." *United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978).

3. Here, both appeals present overlapping issues, including Article III standing, jurisdiction under the Immigration and Nationality Act, application of Federal Rule of Civil Procedure Rule 23, the lawfulness of stops and arrests in immigration enforcement, and the permissible scope of a preliminary injunction. Both preliminary injunctions relate to immigration enforcement actions, with one injunction relating to the government's authority to effectuate warrantless arrests, and the other to the government's

authority to conduct immigration stops and arrests. The factual record for both injunctions overlaps significantly. Additionally, both class-certification orders are inextricably intertwined with, "depend[] on, and [are] in service of," the preliminary injunctions issued by the district court. *See Fraihat v. ICE*, 16 F.4th 613, 635 (9th Cir. 2021); *see also Arc of California v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014) (exercising jurisdiction because district court order was "inextricably intertwined" with a preliminary injunction); *Paige v. California*, 102 F.3d 1035, 1039 (9th Cir. 1996) (reviewing class certification order with preliminary injunction because they were "inextricably bound").

4. Because the appeals relate to the same underlying district court case, consolidation will promote efficiency and conserve judicial resources. *See, e.g.*, *United States v. Sudthisa-Ard*, 17 F.3d 1205, 1207 (9th Cir. 1994) (explaining that it is "more efficient for one three-judge panel to consider all the issues arising out of the same record than it is for two or more three-judge panels to review the same record in order to adjudicate the issues separately" (citation omitted)).

5. Nor will consolidation prejudice any party. To the contrary, consolidation will streamline the appellate process and facilitate orderly resolution of the issues presented.

6. The government further submits that this Court should issue the following consolidated briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief: | December 4, 2024 |
| Appellees' Answering Brief: | January 4, 2027 |
| Appellants' Reply Brief: | January 25, 2027 |

7. Counsel for the government contacted Plaintiffs-Appellees on November 5, 2026, asking for their position on this motion. Plaintiffs-Appellees responded on November 6, 2026, that they intend to provide their position on Defendants-Appellants' motion in a separate filing by Monday, November 9, 2026.

8. The government also requests the Court permit a word limit of 15,000 for the opening and answering briefs, and 7,750 for the reply. Both of these appeals raise significant and complex issues, in a matter which has already once been before the Supreme Court. *Noem v. Perdomo*, 146 S. Ct. 1 (2025). Because the consolidated briefs will cover both appeals, this moderate increase in word count is appropriate to thoroughly address the multitude of issues presented, and will therefore benefit the Court in its adjudication of this matter.

9. For the foregoing reasons, the government respectfully requests that the Court consolidate the appeals in No. 26-6891 and No. 26-7277, and set the proposed briefing schedule.

Respectfully submitted,

s/ Jonathan Robbins
JONATHAN ROBBINS
*Assistant Director*
*U.S. Department of Justice*
*Civil Division*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20044*
*(202) 305-8275*
Jonathan.A.Robbins@usdoj.gov

November 9, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and 32(g) and 9th Cir. Rule 32-3(2), I certify that this motion was prepared using 14-point Georgia type, is proportionally spaced, and contains 913 words, which, divided by 280, is less than the 20 pages authorized in 9th Cir. Rule 27-1(1)(d).

s/ Jonathan Robbins
JONATHAN ROBBINS
*Assistant Director*
*U.S. Department of Justice*
*Civil Division*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20044*
*(202) 305-8275*
Jonathan.A.Robbins@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. Plaintiffs-Appellees' counsel are registered ACMS users and will be served electronically through that system.

s/ Jonathan Robbins
JONATHAN ROBBINS
*Assistant Director*
*U.S. Department of Justice*
*Civil Division*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20044*
*(202) 305-8275*
Jonathan.A.Robbins@usdoj.gov